[Cite as *In re J.B.*, 2012-Ohio-3083.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97744**

## IN RE: J.B., ET AL.

## Minor Children

## [APPEAL BY MOTHER, T.P.]

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case Nos. AD 10907586, AD 10907587, AD 10907588,
AD 10907589, AD 10907590, AD 10907591, and AD 11915014

**BEFORE:** Stewart, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 5, 2012

**ATTORNEY FOR APPELLANT MOTHER**

Kevin H. Cronin
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH   44103


**ATTORNEYS FOR APPELLEE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES**

William D. Mason
Cuyahoga County Prosecutor

BY:   Laura M. Brewster
Assistant County Prosecutor
Cuyahoga County Department of Children
        and Family Services
3955 Euclid Avenue
Cleveland, OH   44115


**GUARDIAN AD LITEM FOR CHILDREN**

Paul Berman
24105 Duffield Road
Cleveland, OH   44122

MELODY J. STEWART, P.J.:

{¶1} Appellant-mother T.P. appeals from juvenile division orders (consolidated for appeal) that granted permanent custody of seven of her children to the Cuyahoga County Department of Children and Family Services (the "agency"). Her sole assignment of error is that the court's factual findings were against the manifest weight of the evidence. We have expedited the hearing and disposition of these appeals as required by App.R. 11.1(D).

I

{¶2} In April 2010, when the agency filed the original complaint for temporary custody, appellant had six children ranging in age from 13 years old to 8 months old. She gave birth to the seventh child after the initial complaint had been filed and while incarcerated on theft charges.

{¶3} Two men established paternity for six of the children; a third male was the putative father of the oldest child.

{¶4} The children were in the care of a paternal grandmother during the mother's incarceration, but the paternal grandmother informed the agency that she could no longer provide for them. The children were found to be dependent and placed in the agency's temporary custody. In April 2011, the agency sought permanent custody of the children. In an amended complaint, the agency alleged that the father of the four youngest children had been convicted of sexual offenses against the oldest child. It also alleged that an

adult sibling of the children had also been sexually abused by the father of the oldest child. The agency further alleged that the mother had been found guilty of child endangering under R.C. 2919.22(A) for failing to protect the oldest child from the sexual abuse. The mother has an anticipated release date of February 2014. Finally, the agency alleged that this was the second custody episode for the mother — four of the children that had earlier been placed in the temporary custody of the agency had been removed because of the mother's homelessness.

## II

{¶5} The court granted the agency's motion for permanent custody under R.C. 2151.414(B)(1). That section states that the court may grant permanent custody of a child if it determines at a hearing that the motion for permanent custody is in the best interest of the child and:

> (a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent agency in another state, and the child cannot be placed with either of the child's

parents within a reasonable time or should not be placed with the child's parents.

**{¶6}** The court found that despite reasonable case planning and diligent efforts by the agency to assist the parents in remedying the problems that initially caused the children to be placed outside the home, the mother had failed continuously and repeatedly to substantially remedy the conditions that caused the children to be placed outside the home. R.C. 2151.414(E) lists factors which, if found to exist by clear and convincing evidence, require the court to "enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent." The court cited R.C. 2151.414(E)(6) in reference to the mother's conviction for child endangering under R.C. 2919.22(A).

**{¶7}** The mother argues that the agency engaged in a "hurry up" schedule that deprived her of the ability to comply with the case plan goal of reunification. She claims that in the short period of time allotted to her by the agency, she took significant steps toward reunification but that the agency demonstrated a lack of commitment to pursuing opportunities that might have constituted factors in her support of defeating the agency's motion for permanent custody.

**{¶8}** Regardless of what progress the mother made in completing the case plan objectives, we must reject her argument because "R.C. 2151.414(E) requires the trial court to find that the child cannot be placed with either of his or her parents within a reasonable time * * * once the court has determined * * * that one or more of the * * *

factors exist." *In re William S.*, 75 Ohio St.3d 95, 99, 661 N.E.2d 738 (1996); *see also In re T.G.*, 8th Dist. No. 90392, 2008-Ohio-2034, ¶ 42. The mother's conviction for child endangering in violation of R.C. 2919.22(A) is undisputed. That factor having been established by clear and convincing evidence, the court was required to find that the children could not be placed with her within a reasonable period of time.

{¶9} Regarding the best interest of the children, the court was required to consider all of the relevant factors listed in R.C. 2151.414(D)(1). Clear and convincing evidence showed that the children had no interaction with the mother following her incarceration and that they would have no interaction with her until her release from prison in February 2014 [R.C. 2151.414(D)(1)(a)]; the guardian ad litem for the children recommended that the agency be granted permanent custody [R.C. 2151.414(D)(1)(b)]; and the children needed a legally secure permanent placement given the mother's past failure to protect one of the children from sexual abuse, the special needs of the three youngest children required care that appeared to be beyond what the mother could provide, and that the children were adjusting well to their foster parents [R.C. 2151.414(D)(1)(d)]. The presence of any one of these factors was sufficient to make a finding that granting permanent custody to the agency was in the best interest of the children. *In re Z.T.*, 8th Dist. No. 88009, 2007-Ohio- 827, at ¶ 56.

{¶10} The mother also complains that the court gave no consideration to a pending motion for judicial release that she filed in the child endangering case that, if granted,

would make her available to the children much sooner and that another person came forward expressing a desire to take custody of the children.

{¶11} There was no certainty that the mother's motion for judicial release would be granted. The mother's child endangering conviction was her third criminal conviction: she had a January 2010 conviction for theft and a July 2010 conviction for possession of criminal tools, and was serving terms of community control on both. Given this prior record and the nature of the child endangering conviction, the court did not have to give any weight to a mere possibility that the mother might obtain a judicial release.

{¶12} As for the person who expressed a desire to take custody of the children, that interest was expressed only one week before the hearing. No formal application had been made by this interested person and the agency had only preliminary conversations with this person. However, testimony showed that the interested person had formerly been in a relationship with the mother and had a prior criminal record. These facts made the agency question his suitability for custody. The court had no basis for believing that the interested person offered a viable alternative to permanent custody and did not err by refusing to delay ruling on the agency's motion for permanent custody.

{¶13} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas – Juvenile Division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, PRESIDING JUDGE

LARRY A. JONES, SR., J., and
KENNETH A. ROCCO, J., CONCUR